IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM EARL HARDY,
    Petitioner,

vs.                                       Case No. 5:13cv96/WS/CJK

WARDEN N. C. ENGLISH,
    Respondent.

## **REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Middle District of Florida ("Middle District") in *United States v. Hardy*, Case Number 8:10cr408. (Doc. 1, p. 2). In Case No. 8:10cr408, petitioner was convicted, pursuant to his guilty plea, of one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, p. 2; *see also*

*United States v. Hardy*, Case Number 8:10cr408, Judgment at Doc. 21). Petitioner was sentenced on November 16, 2011, to seventy-seven months imprisonment. (Middle District Case No. 8:10cr408, Doc. 21). The statutory maximum was ten years imprisonment. (*See* Middle District Case No. 8:10cr408, Doc. 14). Petitioner did not directly appeal from the judgment and has not collaterally attacked his sentence under 28 U.S.C. § 2255. (Doc. 1, p. 2).

In this habeas action, petitioner challenges his 2011 judgment of conviction and sentence on the following grounds: (1) Title 18 Section 3231 is unconstitutional on its face and as applied in petitioner's case,[1] (2) the district court was without jurisdiction to convict petitioner pursuant to the Comprehensive Crime Control Act, as that Act was not legally passed into law, (3) Title 18 Section 922(g)(1) is unconstitutional on its face and as applied in petitioner's case, (4) the Government illegally used "Non-*shepard*[2] approved documents" to establish petitioner had a felony conviction, (5) the Government lacked standing to indict, try or convict petitioner and (6) petitioner "has clearly established his Unconstitutional and Unlawfully detained at FCI Marianna". (Doc. 1, pp. 3-5.1). As relief, petitioner seeks: "Vacate of [sic] Conviction and Order the Immeadiate [sic] Release of the Petitioner from the B.O.P. Custody." (*Id.*, p. 9).

---

[1]Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

[2]In *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257, 161 L. Ed. 2d 205 (2005), the Supreme Court held that, in determining whether a past conviction qualifies as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), a sentencing court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicitly factual finding by the trial judge to which the defendant assented").

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[3] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348,

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No: 5:13cv96/WS/CJK*

1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, — F.3d —, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 2979)). The Eleventh Circuit has endorsed a three-part test that can be used to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The *Wofford* test requires a petitioner to show that: "(1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. at 1245.

Although captioned as a § 2241 petition, petitioner is challenging the validity of his judgment of conviction and sentence, not the execution of his sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been raised in an earlier proceeding. *See Antonelli*, 542 F.3d at 1351-52 ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change

of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, because § 2255 contains procedural limitations that § 2241 does not, namely: (1) "the 'movant' [in a § 2255 proceeding] must be the one to 'show cause' and also to show 'cause and prejudice,' [w]here in a § 2241 petition the Petitioner only must state his claim and the respondent is then ordered or required to 'show cause why the Writ of habeas corpus should not be granted'", (doc. 1, Appendix A, pp. 1-2); (2) a certificate of appealability is required to appeal the denial of relief under § 2255, but a certificate of appealability is not required to appeal the denial of habeas corpus relief under § 2241, (*id.*, pp. 3, 5); (3) a statute of limitations applies to motions filed under § 2255, but no time limitation applies to habeas corpus petitions filed under § 2241, (*id.*, p. 3); (4) there is a limitation on filing second or successive motions under § 2255, but there is no limitation on filing second or successive habeas corpus petitions under § 2241, (*id.*, pp. 3-4) and (5) § 2255 does not require the court to hold an evidentiary hearing, whereas § 2241 requires the court to "proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments" (*id.*, pp. 6-7).

The existence of procedural limitations in § 2255 is not a basis to find that the § 2255 remedy is inadequate or ineffective to test the legality of petitioner's detention for purposes of the savings clause. *Gilbert*, 640 F.3d at 1308; *see also Turner*, 2013 WL 646089, at *4 (holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's *Shepard* claim, because the claim could have been raised in an earlier § 2255 proceeding). As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims by § 2241. The Court declines to construe petitioner's § 2241 petition as a § 2255 motion,

because that would be futile, providing no relief here. Petitioner received his federal sentence in the Middle District of Florida, and a § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a); *see Medberry v Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisons to file the motion in the court where they were convicted"); *Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have sought relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 5th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:13cv96/WS/CJK*